Dr. William **BOOTH**, Plaintiff-Appellant,

v.

**GARAN, INCORPORATED**, Defendant-Appellee.

No. 72-2975.

United States Court of Appeals, Fifth Circuit.

April 6, 1973.

William Liston, Winona, Miss., Harvey T. Ross, Clarksdale, Miss., James E. Upshaw, James Y. Dale, Greenwood, Miss., for plaintiff-appellant.

Hassell H. Whitworth, Jackson, Miss., for defendant-appellee.

Before BELL, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff brought this Mississippi diversity action in nuisance against a manufacturer who dumped allegedly harmful chemical wastes into a ditch adjoining plaintiff's property. Plaintiff contended that the odors and vapors created by defendant's effluent discharges injured his respiratory and ventilatory systems, but the jury found for the defendant on the ground that the discharges were not harmful. On appeal, plaintiff argues, first, that the District Court erred when it refused to grant his motion for a judgment notwithstanding the verdict, and second, that the Court erred when it refused to grant his motion for a new trial. We affirm.

As to the motion for judgment notwithstanding the verdict, a review of the trial testimony convinces us that "the evidence [was] of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions . . . . " Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969). Hence, the case was properly submitted to the jury.

As to the motion for a new trial, plaintiff contends that erroneous instructions of the District Court "hopelessly

**592**

confused" the jury. Additionally, plaintiff contends that the District Court erred when it permitted the defendant to introduce experimental evidence.

Special interrogatory number one reads:

> Do you find from a preponderance of the evidence in this action that the waste material discharged from defendant's . . . plant into the open ditch in question from November 1968 to the present created noxious or toxic vapors or fumes in the area of plaintiff's residence?

The District Court instructed that the terms "toxic" and "noxious" meant "something poisonous" and "something harmful or destructive to man or other organisms," respectively. The jury answered "No" to the interrogatory, thereby finding that plaintiff had failed to prove that the discharge from defendant's plant actually carried with it fumes or vapors that could have damaged plaintiff.

■■ After thoroughly examining the Court's instructions, we are persuaded that the jury was not confused or misled, nor was the admission of the experimental evidence reversible error. A District Court has wide discretion to admit evidence of experiments conducted under substantially similar conditions, Ramseyer v. General Motors Corp., 417 F.2d 859 (8th Cir. 1969), and plaintiff here has failed to establish an abuse of that discretion.

It should be noted that this case involves no property nuisance claim. Plaintiff's action for interference with the use and enjoyment of his property is the subject of another suit, and defendant concedes that, in that case, at least nominal damages might be required even if the vapors and fumes were merely obnoxious and not physically injurious.

A review of the evidence, however, convinces us that the negative answer to the controlling special interrogatory resulted not from error of the Court but from the plaintiff's failure of proof.

Affirmed.